

FILED by _MB_ D.C.
ELECTRONIC

**July 11, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

## 08-61089-Civ-DIMITROULEAS/ROSENBAUM

LISA GRAY, Individually and on behalf of a
class similarly situated individuals,

Plaintiff,

vs.                                                    CASE NO.:

MOBILE MESSENGER AMERICAS, INC., a
Delaware Corporation, one or more John
Does; and one or more JOHN DOE
CORPORATIONS,

Defendants.                              /
_____

### DEFENDANT'S NOTICE OF REMOVAL

Defendant MOBILE MESSENGER AMERICAS, INC., a Delaware Corporation,

("Mobile Messenger"), through its counsel and pursuant to 28 USC § 1331, 1441, and

1446 hereby removes this case from the Seventeenth Judicial Circuit in and for Broward

County, Florida to the United States District Court for the Southern District of Florida,

Fort Lauderdale Division. As grounds for removing this action, Mobile Messenger states

the following:

### PROCEDURAL HISTORY, TIMELINESS AND VENUE

1.      As a result of plaintiff's recent amendment of the Class Action Complaint

adding a new claim that arises under federal law, Mobile Messenger removes this action

to this Honorable Court. This case was not previously removable based on federal

question jurisdiction, but is now being removed on that basis.

2.     Initially, on December 20, 2007, plaintiff Lisa Gray filed a purported class action complaint styled *Gray v. Cellco Partnership, et al.*, Case No. 06-36302(09), against defendant Mobile Messenger and others in the Broward County Circuit Court ("State Court Action").

3.     The State Court Action was timely removed to this Court on January 31, 2008 on the grounds that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332 and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) (hereinafter, "Federal Court CAFA Action"). The Federal Court CAFA Action was assigned Case Number 0:08-CV-60146-CMA. On March 26, 2008, this Honorable Court entered an Order remanding the CAFA Action to Florida State Court finding that the CAFA amount in controversy requirement was not satisfied. (Dkt. 25.) Accordingly, the case was remanded to Florida State Court.

4.     On July 9, 2009, plaintiff Lisa Gray filed an Amended Class Action Complaint ("Amended Complaint") alleging a violation of federal law, *i.e.*, 18 U.S.C. § 1030, *et seq.*, on behalf of herself and a putative class.

5.     Mobile Messenger is the sole defendant identified in the Amended Complaint.

6.     This case has now become removable pursuant to 28 U.S.C. § 1331 and this notice is timely pursuant to 28 U.S.C. § 1446(b).

7.     The Circuit Court in Broward County, Florida is located within the Fort Lauderdale Division of the Southern District of Florida. 28 U.S.C. § 89(c); S.D. Fla. L.

2

R. 3.4(D). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

8.     A copy of the state and federal court files are attached to this Notice of Removal as Exhibit 1.

## ALLEGATIONS OF THE AMENDED CLASS ACTION COMPLAINT

9.     Plaintiff filed this putative class action on behalf of Florida wireless telephone subscribers challenging defendant's alleged "practice of charging cellular telephone customers for products and services the customers have not authorized." (Am. Compl. at 1.) Specifically, plaintiff challenges Mobile Messengers' alleged practice with respect to mobile content – known as premium messaging services- such as customized ringtones, weather alerts and stock tips. (Am. Compl. ¶¶ 6-8.) The content for these services are created by third parties- known as content providers- and are delivered to cell phone subscribers through premium messaging services. *(Id.)*

10.     According to the Amended Complaint, the mobile content services offer a premium message for a certain fee. (Am. Compl. ¶¶ 14, 25.) The mobile content- such as weather reports, stock tips and horoscope services – is delivered to the subscriber's cellular telephone via an "aggregator" such as Mobile Messenger. *(Id.* at ¶ 7.) The "aggregators" allegedly "act as middle-men, representing numerous mobile content producers in arriving at the agreements that allow them to use the billing and collection mechanisms of the wireless carriers." *(Id.)* Plaintiff alleges that the charges for receiving mobile content are billed to wireless telephone subscribers without their authorization. *(Id.* at 24, 25, 26.)

3

11.    Plaintiff alleges that "the billing and collection systems established by companies including Defendants in aid of the premium mobile content industry that enriches them are conspicuously free of proper checks or safeguards to prevent erroneous and unauthorized charges from being added to customers' bills." (*Id.* at ¶ 8.)

12.    Plaintiff seeks to represent a putative class comprising "all wireless telephone subscribers in the nation who suffered losses or damages as a result of incurring charges on their cellular telephone bills from or on behalf of Mobile Messenger not authorized by the subscriber." (*Id.* at 28.)

13.    In the Amended Complaint, plaintiff attempts to allege the following claims:  Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* (Count I); Restitution/ Unjust Enrichment Count II); and Tortious Interference with a Contract (Count III).

14.    Mobile Messenger disputes plaintiff's allegations, believes the Amended Complaint lacks merit, and denies that plaintiff and the putative class have been harmed in any way.

## BASIS FOR REMOVAL

15.    This action is within the original jurisdiction of this Court, and removal is therefore proper 28 U.S.C. § 1331, which grants district courts original jurisdiction over all civil actions arising under the laws of the United States.

16.    This action arises under the laws of the United States as plaintiff attempts to allege a claim for a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1010, *et seq.*, in Count I of the Amended Complaint.

4

17.     Pursuant to 28 U.S.C. §1446(d), written notice of this Notice of Removal shall be provided to plaintiff. In addition, a true and correct copy of this Notice of Removal will promptly be filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Mobile Messenger respectfully removes the State Court Action pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE07036302, to the United States Court for the Southern District of Florida, Fort Lauderdale Division.

Respectfully submitted,

Edward M. Waller, Jr., FBN: 0106341
ewaller@fowlerwhite.com
Charles Wachter, FBN 0509418
cwachter@fowlerwhite.com
Julie S. Sneed, FBN: 051594
jsneed@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, FL  33601
(813) 228-7411
Fax No: (813) 229-8313
Attorneys for Defendant Mobile Messenger
Americas, Inc.

By _____
Charles Wachter, FBN 0509418

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a true and accurate copy of the foregoing to be furnished by FedEx this 10th day of July to:

David P. Healy
2846-B Remington Green Cr.
Tallahassee, Florida 32308

Jay Edelson
Myles McGuire
Ryan D. Andrews
KAMBEREDELSON, LLC
53 West Jackson Boulevard
Suite 550
Chicago, Illinois 60604

Attorneys for Plaintiff

_____
Charles Wachter, FBN 0509418

40301452v1

# EXHIBIT 1

# CLERK OF THE COURTS
## ✴ ✴ ✴ BROWARD COUNTY 17th JUDICIAL CIRCUIT OF FLORIDA ✴ ✴ ✴

*What is the best way to print this screen?*

**Case Detail**

Broward County Case Number:  **CACE07036302**

State Reporting Number:
062007CA036302AXXXCE

Court Type:  **CIVIL DIVISION - CIRCUIT COURT**

Case Type:  **CONTRACT INDEBTEDNESS**

Incident Date:

Filing Date:  **12/26/2007**

Court Location:  **CENTRAL COURTHOUSE**

Case Status:  **OPEN**

| Parties | Scheduled Events | Docket | Disposition |
|---------|------------------|--------|-------------|

**Docket Detail**

| Date | Description | Additional Text | Filed By | Name |
|------|-------------|-----------------|----------|------|
| 7/1/2008 | 07/09/08 AT 08:45 RM 905B - NOTICE OF HEARING | | | |
| 6/9/2008 | RECUSAL/RANDOM ASSIGNMENT FROM:09 TO:12 | | | |
| 6/3/2008 | ORDER OF RECUSAL & REASSIGNMENT; FLD | | | |
| 5/20/2008 | 05/28/08 AT 08:45 RM 0000 - NOTICE OF HEARING | (MOT CALENDAR) | | |
| 5/20/2008 | JOINT MOTION TO TRANSFER TO COMPLEX BUSINESS | LITIGATION SUBDIVISION/DEFT CELLCO PARTNERSHIP DBA VERIZON WIRELESS AND PLTF LISA GRAY | | |
| 4/7/2008 | THIS CASE IS REMANDED TO THE SEVENTEENTH JUDICIAL | CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA. | | |
| 1/31/2008 | NOT OF FILING & SERVICE OF NOTICE OF REMOVAL/DEFT | | | |
| 1/30/2008 | NOTICE OF APPEARANCE MARCOS DANIEL JIMENEZ AS ATTY | FOR DEFT CELLCO PARTNERSHIP (VERIZON WIRELESS) | | |
| 1/28/2008 | NOT OF FILING AMD RETURN OF SERVICE 01/09/08 | MOBILE MESSENGER AMERICAS INC | | |
| 1/23/2008 | SUMS RETD SRVD 01/09/08 MOBILE MESSENGER AMERICAS | | | |
| 1/14/2008 | NOT OF FILING ATTACHED VERIZON WIRELESS ACCEPTANCE | OF SERVICE OF PROCESS/PLTF | | |
| 1/7/2008 | SUMMONS ISSUED MOBILE MESSENGER AMERICAS INC | C/O CORPORATION SERVICE CO R/A/HB TO PS | | |
| 12/26/2007 | RANDOM ASSIGNMENT SUBD:09 | | | |
| 12/26/2007 | 12/21/07 IS CLOCK-IN DATE OF CASE | | | |
| 12/26/2007 | NO SUMMONS ISSUED | | | |
| 12/26/2007 | CIVIL COVER SHEET | | | |
| 12/26/2007 | COMPLAINT FILED | | | |
| 12/26/2007 | FILING FEE PAID | | | |

[ Return to Case Summary ]    [ Perform Another Search ]

**Clicking the buttons above, exits your paid search.**

[ Back ]

Broward County Clerk of the Courts
Contact Us

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

LISA GRAY, individually and on behalf   )
of a class of similarly situated individuals.   )
  )
            Plaintiff,   )     No.  CACE07036302
  )
        v.   )
  )
CELLCO PARTNERSHIP, a Delaware General   )     CLASS REPRESENTATION
Partnership d/b/a Verizon Wireless, and   )
MOBILE MESSENGER AMERICAS. INC..   )
a Delaware corporation.   )
  )
  )
  )
         Defendants.   )
_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or

petition in this action on defendant -

    Mobile Messenger Americas, Inc.
    c/o Corporation Service Company, as Registered Agent
    2711 Centerville Road, Suite 400
    Wilmington, DE 19808

    Each defendant is required to serve written defenses to the complaint or petition on David

P. Healy, whose address is 2846-B Remington Green Circle, Tallahassee, Florida 32308, within

20 days after service of this summons on that defendant, exclusive of the day of service and to

file the original of the defenses with the clerk of this court either before service on plaintiff's

attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against

that defendant for the relief demanded in the complaint or petition.

DATED on January ___, 2008.



JAN 0 7 2008

Howard C. Forman
As Clerk of the Court

By
As Deputy Clerk

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

| | | |
|---|---|---|
| LISA GRAY, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | No.  CACE07036302 |
| v. | ) ) | |
| CELLCO PARTNERSHIP, a Delaware General Partnership d/b/a Verizon Wireless, and MOBILE MESSENGER AMERICAS, INC., a Delaware corporation. | ) ) ) ) ) ) ) | CLASS REPRESENTATION |
| Defendants. | ) ) / | |

<u>Notice of Filing of Verizon Wireless Acceptance of Service of Process</u>

**PLEASE TAKE NOTICE** that as is reflected in the attached materials, Cellco

Partnership, a Delaware general partnership doing business as Verizon Wireless, accepted service

of the Complaint effective January 3, 2008.

David P. Healy (940410)
2846-B Remington Green Cr.
Tallahassee, FL 32308

(850) 222-5400
(850) 222-7339 (fax)
dhealy@nettally.com

Attorney for Plaintiff

| | |
|---|---|
| **From:** | Myles McGuire [mpm1234@gmail.com] |
| **Sent:** | Tuesday, January 08, 2008 12:27 PM |
| **To:** | David P. Healy |
| **Subject:** | Fwd: Gray (FL) |

---------- Forwarded message ----------
From: Myles McGuire <mylesmcguire@tmo.blackberry.net>
Date: Jan 2, 2008 11:02 PM
Subject: Re: Gray (FL)
To: "Penelope A. Preovolos" <PPreovolos@mofo.com>
Cc: Jay Edelson <jedelson@kamberedelson.com>


Confirmed.


-----Original Message-----
From: "Preovolos, Penelope A." <PPreovolos@mofo.com>

Date: Wed, 2 Jan 2008 19:18:21
To:mylesmcguire@tmo.blackberry.net
Cc:"Jay Edelson" <jedelson@kamberedelson.com>
Subject: RE: Gray (FL)


I think you meant to say that on March 7, Verizon's responses in Gray
and Dedek are due (we already had that agreement in Paluzzi). If you
confirm that, I will agree to accept service effective tomorrow
(January 3, 2008).

As you request, if we are retained, we (or local counsel) will enter
an appearance as soon as reasonably possible.

Best regards.


-----Original Message-----
From: Myles McGuire [mailto:mylesmcguire@tmo.blackberry.net]
Sent: Wednesday, January 02, 2008 6:19 PM
To: Preovolos, Penelope A.
Cc: Jay Edelson

Subject: Re: Gray (FL)

This is fine. So on March 7th, Verizon's responses in both Paluzzi and
Gray are due.

Also, I assume you agree to file an appearance as soon as reasonably
possible should you be retained in either case. Please let me know if
that is not the case.


-----Original Message-----
From: "Preovolos, Penelope A." <PPreovolos@mofo.com>

Date: Wed, 2 Jan 2008 17:36:47
To:mylesmcguire@tmo.blackberry.net
Cc:"Jay Edelson" <jedelson@kamberedelson.com>
Subject: RE: Gray (FL)

1

Myles,

Actually, I was responding to your e-mails regarding both Gray and Dedek, and my proposal was that Verizon would agree to accept service in both if we agree that the response date would be the same in Gray and Dedek as in Paluzzi.   We previously agreed that the response date in Paluzzi would be March 7 (per your e-mail of December 7.)

We hope to know by next Monday whether we are retained in these cases and will let you know.

If you are amendable to this proposal, we will accept service as of the date we receive confirmation of your agreement.

Best regards.

-----Original Message-----
From: Myles McGuire [mailto:mylesmcguire@tmo.blackberry.net]
Sent: Wednesday, January 02, 2008 2:25 PM
To: Preovolos, Penelope A.
Cc: Jay Edelson
Subject: Gray (FL)

Penny,

Thanks for calling. An extension of 60 days to respond to the Gray complaint is fine. By my calculation, that would put your response due on March 4th. As before though, we ask that you file an appearance if you've been retained. Can you clarify whether you have in fact been formally retained as counsel yet in Gray and/or Paluzzi?

-----Original Message-----
From: "Preovolos, Penelope A." <PPreovolos@mofo.com>

Date: Thu, 27 Dec 2007 18:29:20
To:"Myles McGuire, Esq." <mmcguire@kamberedelson.com>
Cc:"Jay Edelson, Esq." <jedelson@kamberedelson.com>
Subject: RE: Gray (FL)

As noted on the complaint you forwarded earlier, I am out this week but will check with the client.

----------------
From: Myles McGuire, Esq. [mailto:mmcguire@kamberedelson.com]
Sent: Thursday, December 27, 2007 3:31 PM
To: Preovolos, Penelope A.
Cc: Jay Edelson, Esq.
Subject: Gray (FL)

Penny,

Attached is a complaint and its civil cover sheet that was filed in FL state court last week against Verizon and Mobile Messenger. Please let us know if you will accept service on behalf of Verizon.

Best regards,

- Myles

2

Myles McGuire
KamberEdelson, LLC
(312) 589-6370

===============================================================================

To ensure compliance with requirements imposed by the IRS, Morrison &
Foerster LLP informs you that, if any advice concerning one or more
U.S. Federal tax issues is contained in this communication (including
any attachments), such advice is not intended or written to be used,
and cannot be used, for the purpose of (i) avoiding penalties under
the Internal Revenue Code or (ii) promoting, marketing or recommending
to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

===============================================================================

This message contains information which may be confidential and
privileged. Unless you are the addressee (or authorized to receive for
the addressee), you may not use, copy or disclose to anyone the
message or any information contained in the message. If you have
received the message in error, please advise the sender by reply
e-mail @mofo.com, and delete the message.
===============================================================================

3

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

| | | |
|---|---|---|
| LISA GRAY, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| Plaintiff. | ) ) | No. CACE07036302 |
| v. | ) ) | |
| CELLCO PARTNERSHIP, a Delaware General Partnership d/b/a Verizon Wireless, and MOBILE MESSENGER AMERICAS, INC., a Delaware corporation. | ) ) ) ) ) | CLASS REPRESENTATION |
| Defendants. | ) ) ) / | |

Notice of Filing of Amended Return of Service (Mobile Messenger Americas, Inc.)

**PLEASE TAKE NOTICE** that as is reflected in the attached materials, Defendant Mobile Messenger Americas, Inc., a Delaware corporation, was served with process on January 9, 2008.

David P. Healy (940410)
2846-B Remington Green Cr.
Tallahassee, FL 32308

(850) 222-5400
(850) 222-7339 (fax)
dhealy@nettally.com

Attorney for Plaintiff

# Affidavit of Process Server

| LISA GRAY | VS CELLCO PARTNERSHIP | CACE07036302 |
|---|---|---|
| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER |

I KEVIN S. DUNN _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

Service: I served MOBILE MESSENGER AMERICAS. INC _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) SUMMONS & COMPLAINT _____

by leaving with MARY DRUMMOND         PROCESS AGENT _____ At
NAME                                  RELATIONSHIP

☐ Residence _____
ADDRESS                               CITY / STATE

☒ Business C/O CORPORATION SERVICE CO 2711    CENTERVILLE RD. WILMINGTON, DE
ADDRESS                               CITY / STATE

On 1/9/08 _____ AT 2:15 PM _____
DATE                                  TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY        STATE        ZIP

Manner of Service:
☒ Personal: By personally delivering copies to the person being served.
☐ Substituted at Residence: By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 _____ and explaining the general nature of the papers.
☐ Substituted at Business: By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ Posting: By posting copies in a conspicuous manner to the front door of the person/entity being served.

☐ Non-Service: After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other _____

Service Attempts: Service was attempted on: (1) 1/4/08    10:30 AM   (2) _____
DATE        TIME        DATE        TIME

(3) _____ (4) _____ (5) _____
DATE    TIME        DATE        TIME        DATE    TIME

AGE    45    Sex F    Race W    Height 5'6    Weight 130    HAIR BLACK

_____
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 14TH _____ day of JANUARY _____ ,2008.

_____
SIGNATURE OF NOTARY PUBLIC

> **OFFICIAL SEAL**
> KEVIN DUNN
> NOTARY PUBLIC-DELAWARE
> MY COMMISSION EXPIRES 11/23/10

NOTARY PUBLIC for the state of   DELAWARE

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

LISA GRAY, individually and on behalf )
of a class of similarly situated individuals, )
                                )
                Plaintiff,          )      No.  CACE07036302
                                )
            v.                     )
                                )
CELLCO PARTNERSHIP, a Delaware General )     CLASS REPRESENTATION
Partnership d/b/a Verizon Wireless, and )
MOBILE MESSENGER AMERICAS, INC., )
a Delaware corporation.                  )
                                )
                                )
               Defendants.         )
_____/

SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

       YOU ARE COMMANDED to serve this summons and a copy of the complaint or

petition in this action on defendant -

       Mobile Messenger Americas, Inc.
       c/o Corporation Service Company, as Registered Agent
       2711 Centerville Road, Suite 400
       Wilmington, DE 19808

       Each defendant is required to serve written defenses to the complaint or petition on David

P. Healy, whose address is 2846-B Remington Green Circle, Tallahassee, Florida 32308, within

20 days after service of this summons on that defendant, exclusive of the day of service and to

file the original of the defenses with the clerk of this court either before service on plaintiff's

attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against

that defendant for the relief demanded in the complaint or petition.

DATED on January _____, 2008.



JAN 0 7 2008

Howard C. Forman
As Clerk of the Court

By_____
As Deputy Clerk

CASE NO.: 07-36302 (09)

LISA GRAY, individually and on behalf
of a class of similarly situated individuals,

      Plaintiff,

v.

CELLCO PARTNERSHIP, a Delaware General
Partnership d/b/a Verizon Wireless, and
MOBILE MESSENGER AMERICAS, INC.,
a Delaware corporation,

      Defendants.

_____/

A TRUE COPY
HOWARD C. FORMAN
CLERK OF CIRCUIT COURT

JAN 31 2008

## NOTICE OF FILING AND SERVICE OF NOTICE OF REMOVAL

TO:    Clerk of the Circuit Court
       17th Judicial Circuit
       Broward County, Florida

PLEASE TAKE NOTICE THAT on January 31, 2008, a Notice of Removal was filed in the

above-captioned matter in the United States District Court for the Southern District of Florida,

pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and that a copy of said Notice of Removal was duly

served on Plaintiff's counsel.

I hereby certify that the attached copy of the Notice of Removal is a true and correct copy of

the original which was filed in the Office of the Clerk of the United States District Court for the

Southern District of Florida, and was served on Plaintiff's counsel.

Pursuant to and in accordance with 28 U.S.C. § 1446, removal of this action is effective

immediately upon the filing of this Notice of Filing and Service of Notice of Removal.

Dated: January 31, 2008
Miami, Florida

Respectfully submitted,

Marcos Daniel Jiménez (Fla. Bar No. 0441503)
mjimenez@kennynachwalter.com
Amanda M. McGovern (Fla. Bar No. 964263)
amcgovern@kennynachwalter.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, FL 33131-4327
Phone: (305) 373-1000
Fax: (305) 372-1861
*Attorneys for Defendant Cellco Partnership*

Of Counsel:

Penelope A. Preovolos, Esq.
ppreovolos@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Phone: (415) 268-7000
Fax: (415) 268-7522

Dan Marmalefsky, Esq.
dmarmalefsky@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Suite 3500
Los Angeles, CA 90013-1024
Phone: (213) 892-5809
Fax: (213) 892-5454

*Attorneys for Defendant Cellco Partnership*

Case No. _____

| | |
|---|---|
| LISA GRAY, individually and on behalf of a class of similarly situated individuals, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| CELLCO PARTNERSHIP, a Delaware General Partnership d/b/a Verizon Wireless, and MOBILE MESSENGER AMERICAS, INC., a Delaware corporation, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## DEFENDANT CELLCO PARTNERSHIP'S NOTICE OF REMOVAL

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon"), pursuant to

28 U.S.C. § 1441, removes to this Court the state action described below, which is within the

original jurisdiction of this Court and properly removed under 28 U.S.C. §§ 1332, 1446, and

1453. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon

counsel for Plaintiff Lisa Gray and filed with the Clerk of the Circuit Court of Broward County,

Florida as an exhibit to a Notice to State Court of Removal to Federal Court. A copy of the

Notice being filed in state court is attached hereto (without exhibits) as Exhibit A.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On December 20, 2007, Plaintiff Lisa Gray filed a purported class action captioned

*Gray v. Cellco Partnership. et al.*, Case No. 06-36302(09), against Verizon and Defendant

Mobile Messenger Americas, Inc. ("Mobile Messenger") in the Broward County Circuit Court

("State Court Action").

2. Verizon was served with the State Court Action Summons and Complaint on January 3, 2008. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Verizon in the State Court Action are attached to this Notice as Exhibit B.

3. The Circuit Court of Broward County is located within the Ft. Lauderdale Division of the Southern District of Florida. 28 U.S.C. § 84(c)(2). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).[1]

## ALLEGATIONS OF THE COMPLAINT

4. This action is a putative class action against Verizon and Mobile Messenger on behalf of Florida wireless telephone subscribers for an alleged "practice of charging cellular telephone customers for products and services the customers have not authorized." (Compl. at 1.) In particular, Plaintiff challenges Verizon's billing practices with respect to mobile content—known as premium messaging services—such as ringtones, weather alerts and stock tips. (*Id.* ¶ 6.) The content for these services are created by third parties—known as content providers—and are delivered to cell phone subscribers through premium messaging services.

5. In general, these mobile content services offer a premium message for a certain monthly fee. (*Id.* ¶¶ 14-15.) The mobile content—such as weather reports, stock tips, and joke of the day—is delivered to the subscriber's cell phone via an "aggregator" such as Mobile Messenger. (*Id.* ¶ 7.) The "aggregator" works with "mobile content providers in arriving at the agreements that allow them to" bill through the carriers. (*Id.*) The carrier, such as Verizon, then adds the charge for the mobile content to the subscriber's monthly cell phone bill. (*Id.* ¶ 15.)

---

[1] Plaintiff has granted Verizon an extension until March 7. 2008 to respond to the Complaint. On or before that date, Verizon intends to move to compel arbitration of this matter under the parties' Arbitration Agreement and pursuant to the Federal Arbitration Act.

2

6. Plaintiff here alleges that Defendants do not have in place proper procedures necessary to establish customer authorization prior to assessing the monthly charges. According to Plaintiff, Verizon "cannot authenticate [] customer's authority to be billed for [] mobile content charges." (*Id.* ¶ 28.) Plaintiff further alleges that "Verizon's decision to continue to charge its customers for mobile content without taking steps to authenticate the representations of the mobile content providers that the customer's authority to be charged was obtained constitutes a deliberate and willful scheme to cheat large numbers of people out of small amounts of money." (*Id.*)

7. Plaintiff seeks to represent a putative class comprised of "all Verizon wireless telephone subscribers in Florida who suffered losses or damages as a result of Verizon billing for mobile content products and services not authorized by the subscriber." (*Id.* ¶ 38.) Plaintiff also purports to represent a putative class comprised of "all wireless telephone subscribers in Florida who suffered losses or damages as a result of incurring charges on their cellular telephone bills from or on behalf of Mobile Messenger not authorized by the subscriber." (*Id.*)

8. On behalf of Plaintiff and the putative classes, the Complaint attempts to state claims for: (1) breach of contract against Verizon; (2) restitution/unjust enrichment against Mobile Messenger; and (3) tortious interference with contract against Mobile Messenger. The Complaint seeks, *inter alia*, compensatory damages, punitive damages, declaratory relief, restitution, attorney's fees, and costs. (Compl. at 14.)

9. Verizon disputes Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff or the putative classes have been harmed in any way.

23 of 230

## BASIS FOR REMOVAL

10.     This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any defendant. As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA. *See Evans v. Walter Indus.*, 449 F.3d 1159 (11th Cir. 2006); *Colomar v. Mercy Hosp., Inc.*, Case No. C-05-22409, 2007 U.S. Dist. LEXIS 52659 (S.D. Fla. 2007) (denying motion to remand under CAFA).

11.     <u>Covered Class Action</u>. This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b). (*See* Compl. ¶ 38.)

12.     <u>Class Action Consisting of More than 100 Members</u>. The Complaint alleges that "there is no less than 1,000 class members in each respective class. " (Compl. ¶ 38.) Accordingly, based on Plaintiff's allegations, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

13.     <u>Diversity</u>. The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff Lisa Gray is a citizen of the State of Florida. (Compl. ¶ 1.) Plaintiff's Complaint is brought against Verizon, "a Delaware general partnership with its principal offices in the State of New Jersey," and Mobile Messenger, "a Delaware corporation with its headquarters and principal place of business in the State of California." (*Id.* ¶¶ 2-3.) As of the time of removal, the citizenship of Verizon has not changed. Accordingly, a member of

4

the purported class in this case—Plaintiff Gray —is a citizen of a state (Florida) different from a defendant (Delaware, New Jersey and California), thus satisfying the diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

14. <u>Amount in Controversy</u>. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Plaintiff alleges that the challenged practices are "inflicting damages of an untold magnitude." (Compl. ¶ 10.) Without conceding any merit to the Complaint's allegations or causes of action, the amount in controversy here satisfies this jurisdictional threshold.

15. <u>Amount in Controversy – Compensatory Damages</u>. The amount in controversy with respect to compensatory damages alone exceeds $5 million. The Complaint alleges that "Verizon has for years been systematically, repeatedly and without authorization," charging customers for mobile content. (Compl. ¶ 27.) The Complaint further alleges that Verizon engaged in a "deliberate and willful scheme to cheat" customers by purportedly failing to validate the authority of customers to accept mobile content charges. (*Id.* ¶ 28.) For the year 2007, Verizon wireless subscribers in Florida have been billed more than $12,800,000 for mobile content services, and since inception they have been billed more than $24,000,000 for such services. (Affidavit of Bill Medrano ¶ 3, attached hereto as Exhibit C.) Thus, Plaintiff's allegations place in controversy an amount plainly in excess of $5 million. While Verizon disputes that that it is liable to Plaintiff or the putative class, or that Plaintiff or the putative class suffered injury or incurred damages in any amount whatsoever, for purposes of compliance with CAFA, the matter in controversy exceeds $5 million.

5

16. <u>Amount in Controversy — Punitive Damages</u>. The Complaint also seeks punitive damages. (Compl. at 14.) Punitive damages are considered part of the amount in controversy. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered." *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *Awad v. Cici Enters.*, Case No. C-06-1278-T-24TBM, 2006 U.S. Dist. LEXIS 71998, *3-4 (M.D. Fla. 2006) (same). Verizon believes that no damages, compensatory or punitive, should or will be awarded in this case; however, for purposes of this amount in controversy requirement, claimed punitive damages may be considered.

17. <u>Amount in Controversy – Attorneys' Fees</u>. Plaintiff also seeks an award of attorneys' fees. (Compl. at 14.) This amount is likewise included in the amount in controversy calculation. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933). Verizon believes that no attorneys' fees should or will be awarded in this case; however, for purposes of this amount in controversy requirement, claimed attorneys' fees may be considered.

18. <u>No CAFA Exclusions</u>. The action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d). As neither defendant is a citizen of the State of Florida, the state in which the action was filed, the exclusions to removal jurisdiction set forth in 28 U.S.C. § 1332(d)(3)-(4) cannot apply, and because no other exclusion applies, this action is removable pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453(b).

## CONCLUSION

19. For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d). Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a) and § 1453.

6

WHEREFORE, Defendant Verizon gives notice that the above-described action pending against it in the Circuit Court of Broward County, Florida, is removed to this Court.

Dated: January 31, 2008

Respectfully submitted,

CELLCO PARTNERSHIP
d/b/a VERIZON WIRELESS

By: _____
One of Its Attorneys

Marcos Daniel Jiménez
Fla. Bar No. 0441503
mdj@kennynachwalter.com
Amanda M. McGovern
Fla. Bar No. 964263
amm@kennynachwalter.com
KENNY NACHWALTER, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
Tel.    (305) 373-1000
Fax     (305) 372-1861

*Of counsel:*

Penelope A. Preovolos, Esq.
Geoffrey Graber, Esq.
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105
Tel.    (415) 268-7000
Fax     (415) 268-7522

Dan Marmalefsky, Esq.
MORRISON & FOERSTER LLP
555 West Fifth Street
Suite 3500
Los Angeles, CA 90013-1024
Tel.  (213) 892-5809
Fax  (213) 892-5454

7

## CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of the foregoing was served by U.S. mail on January 31, 2008, on:

David P. Healy, Esq.
Law Offices of David P. Healy, PL
2846-Remington Green Cr.
Tallahassee, FL 32308
Tel.: (850) 222-5400
Fax: (850) 222-7339
Email: dhealy@nettally.com
*Attorneys for Plaintiff*

Amanda M. McGovern

321587.1

8



EXHIBIT A

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 07-36302 (09)

LISA GRAY, individually and on behalf
of a class of similarly situated individuals,

        Plaintiff,

v.

CELLCO PARTNERSHIP, a Delaware General
Partnership d/b/a Verizon Wireless, and
MOBILE MESSENGER AMERICAS, INC.,
a Delaware corporation,

        Defendants.

_____/

## NOTICE OF FILING AND SERVICE OF NOTICE OF REMOVAL

TO:   Clerk of the Circuit Court
      17th Judicial Circuit
      Broward County, Florida

PLEASE TAKE NOTICE THAT on January 31, 2008, a Notice of Removal was filed in the above-captioned matter in the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and that a copy of said Notice of Removal was duly served on Plaintiff's counsel.

I hereby certify that the attached copy of the Notice of Removal is a true and correct copy of the original which was filed in the Office of the Clerk of the United States District Court for the Southern District of Florida, and was served on Plaintiff's counsel.

Pursuant to and in accordance with 28 U.S.C. § 1446, removal of this action is effective immediately upon the filing of this Notice of Filing and Service of Notice of Removal.

Page 1 of 3

Dated: January 31, 2008
      Miami, Florida

Respectfully submitted,

_____

Marcos Daniel Jiménez (Fla. Bar No. 0441503)
mjimenez@kennynachwalter.com
Amanda M. McGovern (Fla. Bar No. 964263)
amcgovern@kennynachwalter.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, FL 33131-4327
Phone: (305) 373-1000
Fax: (305) 372-1861
*Attorneys for Defendant Cellco Partnership*

Of Counsel:

Penelope A. Preovolos, Esq.
ppreovolos@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Phone: (415) 268-7000
Fax: (415) 268-7522

Dan Marmalefsky, Esq.
dmarmalefsky@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Suite 3500
Los Angeles, CA 90013-1024
Phone: (213) 892-5809
Fax: (213) 892-5454

*Attorneys for Defendant Cellco Partnership*



# EXHIBIT B

# BROWDER COUNTY CIVIL COVER SHEET

**I.   Case Style**

LISA GRAY,

Plaintiff

Case No._____
Judge_____

vs.

CELLCO PARTNERSHIP d/b/a VERIZON
WIRELESS and MOBILE MESSENGER
AMERICAS, INC.

Defendants.

**II   Type Of Case** (Place an X in one box only.  If the case fits more than one type of case - select the most definitive.)

| DOMESTIC RELATIONS - DIV. "A" | TORTS - DIV. "D" | OTHER CIVIL |
|---|---|---|
| ___Simplified Dissol. (Kit) | ___Profess. Malpractice | ___Contracts - Div. D |
| ___Dissolution | ___Products Liability | ___Condominium - Div. D |
| ___Support - IV-D | ___Auto Negligence | ___Real Property - Div. C.<br>Mortg. Foreclosure |
| ___Support - Non IV-D | ___Other Negligence | ___Eminent Domain - Div. D |
| ___URESA - IV-D | | ___Const. Law - Div. - B<br>Bond Validation |
| ___Adoption | | |
| ___URESA - Non IV-D | | ___Accounting - Div.<br>Declaratory Judgements,<br>Specific Performance - Div-C |
| ___Domestic Violence | | _X_Other - Div. |
| ___Other Domestic Relations | | |
| ___Name Change | | |

**II   Is Jury Trial Demanded In Complaint**

    ✓ Yes
    ___ No

**III   Time Standard Applicable** (Insert date that time standard expires)

_____

STATE OF FLORIDA
BROWARD COUNTY
I, DO HEREBY CERTIFY the within and foregoing is a true
and correct copy of the original as it appears on record
and file in the office of the Circuit Court Clerk of Broward
County, Florida.
WITNESS, my hand and Official Seal at Fort Lauderdale
Florida, this the _____ day of _____ 20 ___

JAN 3 0 2008

_____ Clerk of the Court

_____
Deputy Clerk

SIGNATURE OF ATTORNEY OR PARTY
INITIATING ACTION:

By_____   94040

# IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

LISA GRAY, individually and on behalf )
of a class of similarly situated individuals, )
                                   )
            **Plaintiff,** )
                                   )
          **v.** )
                                     )
CELLCO PARTNERSHIP, a Delaware General )
Partnership d/b/a Verizon Wireless, and )
MOBILE MESSENGER AMERICAS, INC., )
a Delaware corporation. )
                                     )
                                     )
           **Defendants.** )
------------------------------------------------------------x

No. 0736302

**CLASS REPRESENTATION**

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Lisa Gray brings this class action complaint pursuant to Florida Rule of Civil Procedure 1.220 against Cellco Partnership d/b/a Verizon Wireless ("Verizon") and Defendant Mobile Messenger Americas, Inc. ("Mobile Messenger") seeking to stop Defendants' unlawful practice of charging cellular telephone customers for products and services the customers have not authorized, a practice which has resulted in Defendants unlawfully collecting money from consumers statewide, and to obtain redress for all persons injured by their conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### Parties

1.    Plaintiff Lisa Gray is a resident of Florida.

1

2. Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") is a Delaware general partnership with its principal offices in the State of New Jersey. Its partners include Verizon Communications, Inc., a Delaware corporation with its principal place of business in the State of New York and Vodafone Group Plc, an English public limited company with its principal place of business in England. Verizon does business throughout the State of Florida and Broward County.

3. Defendant Mobile Messenger Americas, Inc. ("Mobile Messenger"), the North American subsidiary of an Australian mobile marketing company, is a so-called "secondary aggregator" who provides billing and aggregating services in the United States to a clientele that, on information and belief, consists primarily of foreign mobile content providers that sell mobile content to consumers in the United States. On information and belief, Mobile Messenger subcontracts with domestic aggregators such as m-Qube to obtain access to m-Qube's existing domestic carrier relationships and technical infrastructure. Mobile Messenger is a Delaware corporation with its headquarters and principal place of business in the State of California. Mobile Messenger does business throughout the State of Florida and Broward County.

### Jurisdiction and Venue

4. The amount in controversy exceeds the sum of $15,000 exclusive of interest, costs and attorney's fees. This Court has jurisdiction over the subject matter.

5. Venue is properly laid in Broward County pursuant to section 47.051, Florida Statutes (2007) because Defendants conduct their regular business affairs through one or more agents or other representatives located in Broward County, Florida.

2

## Conduct Complained Of

6. This case arises from two closely related phenomena. The first is the capability of most cellular telephones, not only to make and receive telephone calls, but also to send and receive text messages, including -- most significantly for present purposes -- "premium" text message services. These services, also known as "mobile content" include products that range from the basic (customized ringtones for use with cell phones, sports score reports, weather alerts, stock tips, horoscope services, and the like) to those requiring more advanced capabilities (such as direct payment services, interactive radio and participatory television).

7. The second underlying phenomenon of this case constitutes its very core. That is, just as providers of premium mobile content, such as Mobile Messenger, deliver their products by means of cell phone technology, they likewise charge and collect from their customers by "piggybacking" on the cell phone bills sent out by the wireless carriers, such as Verizon. Further, because the mobile content providers by themselves most often lack the wherewithal to negotiate the necessary relationships with the much larger wireless carriers, they do so with the help of third-party companies known as aggregators. These aggregators act as middle-men, representing numerous mobile content providers in arriving at the agreements that allow them to use the billing and collection mechanisms of the wireless carriers. In turn, both the aggregators and the wireless carriers are compensated for their services to the mobile content providers by retaining a substantial percentage of the amount each premium mobile content transaction.

8. The rapid and largely unplanned growth of the premium mobile content industry has led both to the above-described structure and to a disastrous flaw within it. That flaw -- understood, perpetuated, and even encouraged by carriers, aggregators, and mobile content providers such as the instant defendants -- is an open secret within the industry, but little

3

understood outside of it. In short, the billing and collection systems established by companies including Defendants in aid of the premium mobile content industry that enriches them are conspicuously free of any checks or safeguards to prevent erroneous and unauthorized charges from being added to customers' bills.

9.     As Defendants also know, significant amounts of money have been collected on account of such unauthorized charges for premium mobile content in the industry over the last few years. And while it has always been within the power of companies such as Defendants to institute simple and effective measures that would prevent this, they have instead knowingly maintained the very system that has allowed these erroneous charges. Indeed Defendants have reaped and retained their respective shares of the improper collections.

10.     While the total sales in Florida of premium mobile content in 2007 amount to a significant sum, the business is still in its infancy. The burgeoning industry has already expanded from ordinary ringtones into mass media-related products such as interactive radio and participatory voting at television and concert events and, most recently, into services that enable cell phones to function as credit cards. Unchecked, Defendants' practices will injure an ever-increasing number of unwitting consumers, inflicting damages of an untold magnitude.

### Mobile Content Providers' Role In the Scheme to Defraud

11.     Unlike transactions made using checks and credit cards, which require a signature or a highly private sixteen-digit credit card number, the only thing a mobile content provider needs to charge a consumer for its products is the consumer's cellular telephone number. Once a mobile content provider has a consumer's cell phone number, it can cause that consumer to be billed for services and products irrespective of whether the consumer actually agreed to purchase them.

4

12. Armed with only a cell phone number, the mobile content provider can simply provide that number, along with an amount to be charged, to a billing aggregator (such as m-Qube or mBlox). The aggregator, in turn, instructs the relevant cellular carrier to add the charge to the bill associated with that cell phone number. The charge will then appear on the consumer's cell phone bill, often with only minimal, cryptic identifying information.

13. Because the protections normally present in consumer transactions -- such as signatures and private credit card numbers -- are absent from this process, the likelihood of false charges increases enormously. And because a substantial part of mobile content "sales" are effected through web sites using misleading, oblique, or inadequately explained "consent" procedures, that likelihood increases by another order of magnitude. Mobile content providers such as Mobile Messenger have powerful financial incentives to collect as many cell phone numbers as possible but little incentive to ensure that the owners of those numbers have truly agreed to purchase their goods and services.

14. While aggregators charge their content provider customers some upfront fees, their revenue is primarily generated through a "revenue share" on transactions for which they bill cell phone subscribers: each time a charge is incurred in connection with the purchase of mobile content services offered by a content provider, the aggregator and/or the content provider cause said charge to be billed directly on the cellular telephone bill of the carrier's customer who currently owns and/or uses the telephone number (claimed to be) associated with said purchase.

15. The carrier then bills and collects the charge from its current subscriber, retains about a portion of the proceeds as its "revenue share" and then remits the balance to the aggregator who has direct access to its network, who retains a percentage of the balance in the

5

form of its own "revenue share," and then remits the remainder directly to the mobile content provider such as Mobile Messenger.

16.    Mobile Messenger has in Florida registered numerous transactions and processed significant amounts of dollars in transactions over recent years and have profited greatly from their arrangement with their carrier partners, aggregator partners and content provider partners.

17.    As Mobile Messenger knows, carriers such as Verizon routinely process charges for mobile content that have not been authorized by the charged party.

18.    Mobile Messenger has not only sanctioned this illegal billing, they have promoted it by facilitating partnerships between the carriers and the aggregators that contains few if any safeguards to prevent unauthorized charges.

19.    Indeed, if Defendants wanted to end this illegal billing, they could do so in an instant. All they would have to do to ensure that they are obtaining the consent of the charged party .is agree to process a unique "access code" for each customer account, provided by the carrier to the account holder and his/her authorized representatives at the time it is opened, and require that it be produced anytime a third-party attempts to charge the account. If a matching access code is not provided, no charges would be included on the customer's billing statement.

20.    But instead of implementing such a simple safeguard, Defendants have intentionally created and maintained a system that encourages fraud at every step.

### The Carrier's Role In the Scheme to Defraud

21.    Verizon uses uniform form contracts ("Service Agreements") under which customers purchase cell phone services.

22.    As described above, Verizon's services include providing access to and billing for various third-party mobile content services such as ring tones, chat services, horoscopes, stock

6

tips, weather alerts, participatory television, mobile payment services and other forms of software provided by hundreds of third-party vendors with names such as Mobile Messenger and many others.

23. Verizon has contracted with third-party providers to bill and collect from Verizon's customers the services provided by such third-party content providers, the charges for which are included directly on a customer's monthly wireless bill.

24. The duty of good faith and fair dealing, a part of every contract, requires that Verizon not bill any customer for any good or service not authorized by the customer.

25. Upon execution of said Service Agreements and activation of cellular telephone accounts, Verizon provides its customers a ten-digit cellular telephone number.

26. As explained above, unbeknownst to its customers, Verizon frequently charges consumers for services that were never authorized.

27. As a result, Verizon has for years been systematically, repeatedly and without authorization, billing its customers for purchase of products and services not agreed to by those customers. Verizon and third-party service providers have, on information and belief, profited significantly through this practice.

28. Verizon's conduct is by no means accidental. As previously alleged, it knows that many of its cellular telephone customers dispute the claim the mobile content provider's claim that such customer consented to be charged for their mobile content services. Verizon further knows that it cannot authenticate such customer's authority to be billed for such mobile content charges. In light of its knowledge of these facts, Verizon's decision to continue to charge its customers for mobile content without taking steps to authenticate the representations of the

7

mobile content providers that the customer's authority to be charged was obtained constitutes a deliberate and willful scheme to cheat large numbers of people out of small amounts of money.

29.    Because the amount Verizon is taking is small on an individual basis – as little as a few dollars to at most several hundreds of dollars per person -- and because of Verizon's vast resources and superior bargaining power, Defendants employ this scheme with the hope and expectation that its illegal conduct will go unpunished.

### The Facts Relating to Named Plaintiff

30.    In or about 2003, Plaintiff purchased new cell phone service from an authorized Verizon sales representative.

31.    On that same day, in exchange for a Verizon cell phone service plan, Plaintiff agreed to pay a specific amount each month for a period of 12 months.

32.    Upon activating her cellular telephone account, Verizon provided Plaintiff a cellular telephone number.

33.    Beginning on or about July, 2007 and continuing through at least September, 2007, Plaintiff's cell phone account was charged for unwanted mobile content services in the form of "premium" text messages from Defendants.

34.    At no time did Plaintiff authorize the purchase of these products and services offered by Defendants and at no time did Plaintiff consent to Mobile Messenger's sending of text messages to her cellular telephone.

35.    During the relevant time period, Defendants caused Plaintiff to be charged service fees for so-called "Premium" text messages provided by Defendants. For instance, on or about August 7, 2007, Defendants charged Plaintiff $19.99 for premium text message services.

8

36.     At no time did Plaintiff authorize Defendants or anyone else to bill her for these charges.

37.     At no time did Defendants verify Plaintiff's purported authorization of these charges and no time did Defendants provide a complete refund consisting of the premium text message charges, ordinary text messages, data charges and/or back interest. Nor did Verizon provide Plaintiff an assurance that such unauthorized charges would not appear in future billing periods.

### Class Representation Allegations

38.     Plaintiff brings this action on behalf of herself and two classes. Those classes are defined as follows:

A.     The "Carrier Class": a class consisting of all Verizon wireless telephone subscribers in Florida who suffered losses or damages as a result of Verizon billing for mobile content products and services not authorized by the subscriber; provided, however, that the following are excluded from this proposed Class: (i) the defendants, and (ii) any employee of a defendant.

B.     The "Mobile Content Provider Class": a class consisting of all wireless telephone subscribers in Florida who suffered losses or damages as a result of incurring charges on their cellular telephone bills from or on behalf of Mobile Messenger not authorized by the subscriber; provided, however, that the following are excluded from this proposed Class: (i) the defendants, and (ii) any employee of a defendant.

C.     On information and belief, there is no less than 1,000 class members in each respective class.

9

39. This action is suitable for class treatment pursuant to Florida Rule of Civil Procedure 1.220(b)(3).

40. The claims of Plaintiff are typical of the claims of all of the other members of the respective Classes.

41. Plaintiff will fairly and adequately represent and protect the interests of the other members of the respective classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Classes.

42. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

43. Defendants have acted and failed to act on grounds generally applicable to the plaintiff and the other members of the respective Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

44. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the respective Classes are the same, resulting in injury to the Plaintiff and to all of the other members of the Classes. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

10

45. There are many questions of law and fact common to the claims of Plaintiff and the other members of the respective Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Carrier Class include but are not limited to the following:

(a) Whether Verizon's conduct described herein is in breach of contract.

46. Common questions for the Mobile Content Provider Class include:

(a) Whether Mobile Messenger has unjustly received money belonging to Plaintiff and the Mobile Content Provider Class and whether under principles of equity and good conscience, Mobile Messenger should not be permitted to retain it;

(b) Whether Mobile Messenger tortiously interfered with contracts between Plaintiff and the Mobile Content Provider Class, on the one hand, and their wireless carriers, on the other hand, by causing them to be charged for products and services by their carrier that were unauthorized.

## Count I
### (Breach Of Contract on behalf of the Carrier Class)

47. Plaintiff incorporates by reference the foregoing allegations.

48. Plaintiff and the Carrier Class entered into substantially identical agreements with Defendant Verizon whereby Plaintiff and the Verizon agreed to pay a certain sum of money in exchange for Verizon's activation of Plaintiff and the Verizon's cellular telephone account and its promise to provide various communication and related services to Plaintiff and the Carrier Class.

11

49. Defendant Verizon expressly and/or impliedly agreed to provide Plaintiff and the Carrier Class with a cellular telephone number free of unauthorized charges for third-party products and services.

50. Defendant Verizon further expressly and/or impliedly agreed to bill Plaintiff and the Carrier Class only for products or services the purchase of which they had authorized.

51. Defendant Verizon further expressly and/or impliedly agreed to carry out its obligations in good faith and fair dealing.

52. Defendant Verizon breached its contractual obligations by providing Plaintiff and the Carrier Class with cellular telephone accounts that included unauthorized charges for mobile content.

53. Defendant Verizon further breached its contractual obligations, including its contractual obligation of good faith and fair dealing, by thereafter billing Plaintiff and the Carrier Class for products or services, the purchase of which they never authorized.

54. The aforementioned breaches of contract have proximately caused the Plaintiff and the Carrier Class economic injury and other damages.

## Count II
### (Restitution/Unjust Enrichment on behalf of the Mobile Content Provider Class)

55. Plaintiff incorporates by reference the foregoing allegations.

56. A benefit has been conferred upon Mobile Messenger by Plaintiff and the Mobile Content Provider Class. Mobile Messenger has received and retains money belonging to Plaintiff and the Mobile Content Provider Class resulting from their billing and collecting significant amounts of money in unauthorized mobile content charges.

57. Mobile Messenger appreciates or have knowledge of said benefit.

12

58. Under principles of equity and good conscience, Mobile Messenger should not be permitted to retain the money belonging to Plaintiff and the Mobile Content Provider Class which Mobile Messenger has unjustly received as a result of its actions.

### Count III
**(Tortious Interference with a Contract on behalf of the Mobile Content Provider Class)**

59. Plaintiff incorporates by reference the foregoing allegations.

60. Plaintiff and the Mobile Content Provider Class had contractual relationships with their wireless carriers whereby they agreed to pay a certain sum of money in exchange for activation of their cellular telephone accounts and their carriers' promise to provide various communication and related services to Plaintiff and the Mobile Content Provider Class and to bill Plaintiff and the Mobile Content Provider Class only for products or services the purchase of which they had authorized.

61. Mobile Messenger knew of said contractual relationships and intended to and did induce a breach or disruption of the contractual relationships.

62. Mobile Messenger intentionally interfered with said contractual relationship through improper motives and/or means by knowingly and/or recklessly continually causing to be placed on the cellular telephone bills of cellular telephone owners across the nation unauthorized charges.

63. Plaintiff and the Mobile Content Provider Class suffered loss as a direct result of the conduct of Mobile Messenger.

WHEREFORE, Plaintiff Lisa Gray, on behalf of herself and the Classes, prays for the following relief:

13

a. Certify this case as a class action on behalf of the Classes as defined above and appoint Jennifer Baker Class Representative, and appoint, XXX as lead counsel;

b. Declare that the actions of Verizon, as set out above, constitute a breach of contract;

c. Enter judgment against Verizon for all economic, monetary, actual, consequential, and compensatory damages caused by its conduct, and if its conduct is proved willful, award Plaintiff and the Carrier Class exemplary damages;

d. Declare that the actions of Mobile Messenger, as set out above, constitute unjust enrichment and tortious interference with a contract;

e. Enter judgment against Mobile Messenger for all economic, monetary, actual, consequential, and compensatory damages caused by Defendants' conduct, and if its conduct is proved willful award Plaintiff and the Mobile Content Provider Class exemplary damages;

f. Award Plaintiff and the Classes reasonable costs and attorneys' fees;

g. Award Plaintiff and the Classes pre- and post-judgment interest;

h. Enter judgment for injunctive, statutory and/or declaratory relief as is necessary to protect the interests of Plaintiff and the Classes; and

i. Award such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

December 20, 2007

Lisa Gray, individually and on behalf of a class of similarly situated individuals

David P. Healy (940410)
2846-B Remington Green Cr.
Tallahassee, FL 32308
(850) 222-5400
(850) 222-7339 (fax)
Attorney for Plaintiff

14

STATE OF FLORIDA
BROWARD COUNTY
I DO HEREBY CERTIFY the within and foregoing is a true and correct copy of the original as it appears on record and file in the office Howard C. Forman Clerk of Broward County, Florida. JAN 3 0 2008
WITNESS my hand and Official Seal at Fort Lauderdale Florida, this the _____ day of _____ 20 _____
Clerk of the Court
Deputy Clerk

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 07-36302 (09)

LISA GRAY, individually and on behalf
of a class of similarly situated individuals,

      Plaintiff,

v.

CELLCO PARTNERSHIP, a Delaware General
Partnership d/b/a Verizon Wireless, and
MOBILE MESSENGER AMERICAS, INC.,
a Delaware corporation,

      Defendants.

_____/

## JOINT MOTION TO TRANSFER TO
## COMPLEX BUSINESS LITIGATION SUBDIVISION

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") and Plaintiff Lisa Gray

jointly move to transfer this case to the Complex Business Litigation Subdivision. In support of

this joint motion, the parties state as follows:

1.    On January 9, 2008, Chief Judge Victor Tobin entered Administrative Order

2008-9-CIV amending the establishment of the complex litigation unit.

2.    The parties submit that the complexity of the issues involved in this business

dispute requires transfer. This action raises claims that involve the sale of goods or

services by a business entity, i.e., Verizon and Mobile Messenger Americas, Inc.

Plaintiff brings this action on behalf of a purported class of similarly situated individuals.

3.    The action places more than $150,000 in controversy.

4. On January 31, 2007, Verizon removed this action to federal court. On March 26, 2008, the District Court remanded this action. Verizon intends to file a motion to compel arbitration in response to Plaintiff's Complaint

5. Under the Administrative Order Establishing the Complex Litigation Unit, Order 2008-1-Civ, it is therefore appropriate to transfer this action to the Complex Business Litigation Subdivision of the Complex Litigation Unit.

6. In keeping with the meaning and intent of the Administrative Order, the parties request that no motion relating to case dispositive issues be heard prior to transfer.

Wherefore, the parties request that an order of transfer be entered referring the case to the administrative judge of this circuit for assignment to the complex litigation unit in accordance with Administrative Order 2008-9-CIV.

Dated: May 20, 2008

Respectfully submitted,

Marcos Daniel Jiménez (Fla. Bar No. 0441503)
mjimenez@kennynachwalter.com
Amanda M. McGovern (Fla. Bar No. 964263)
amm@kennynachwalter.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, FL 33131-4327
Phone: (305) 373-1000
Fax: (305) 372-1861
*Attorneys for Defendant Cellco Partnership*

2

Of Counsel:

Penelope A. Preovolos, Esq.
ppreovolos@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Phone: (415) 268-7000
Fax: (415) 268-7522

Dan Marmalefsky, Esq.
dmarmalefsky@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Suite 3500
Los Angeles, CA 90013-1024
Phone: (213) 892-5809
Fax: (213) 892-5454

*Attorneys for Defendant Cellco Partnership*

## CERTIFICATE OF SERVICE

**We hereby certify** that a true and correct copy of the foregoing was served by U.S. mail on May 20, 2008, on:

David P. Healy, Esq.
Law Offices of David P. Healy, PL
2846-Remington Green Cr.
Tallahassee, FL 32308
Tel.:     (850) 222-5400
Fax:     (850) 222-7339
Email: dhealy@nettally.com
*Attorneys for Plaintiff*

Amanda M. McGovern

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 07-36302 (09)

LISA GRAY, individually and on behalf
of a class of similarly situated individuals,

        Plaintiff,

v.

CELLCO PARTNERSHIP, a Delaware General
Partnership d/b/a Verizon Wireless, and
MOBILE MESSENGER AMERICAS, INC.,
a Delaware corporation,

        Defendants.

_____/

## NOTICE OF HEARING
(Motion Calendar)

**PLEASE TAKE NOTICE** that at 8:45 a.m. on Wednesday, May 28, 2008, the parties will

call up for hearing before Honorable Robert Andrews at the Broward County Courthouse, 201 S.E.

6 Street, Ft. Lauderdale, Florida, the following:

**JOINT MOTION TO TRANSFER TO**
**COMPLEX BUSINESS LITIGATION SUBDIVISION**

We hereby certify that a good faith effort has been made to resolve the issues raised in the

above referenced motion and request before a hearing was scheduled.

PLEASE GOVERN YOURSELVES ACCORDINGLY.

In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the following no later than five (5) days prior to the proceeding for assistance: Court ADA Coordinator (954-831-7721); if hearing impaired [Court TDD] (954-831-7017).

Dated: May 20, 2008
Miami, Florida

Respectfully submitted,

Marcos Daniel Jiménez (Fla. Bar No. 0441503)
mjimenez@kennynachwalter.com
Amanda M. McGovern (Fla. Bar No. 964263)
amm@kennynachwalter.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, FL 33131-4327
Phone: (305) 373-1000
Fax: (305) 372-1861
*Attorneys for Defendant Cellco Partnership*

Of Counsel:

Penelope A. Preovolos, Esq.
ppreovolos@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Phone: (415) 268-7000
Fax: (415) 268-7522

Dan Marmalefsky, Esq.
dmarmalefsky@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Suite 3500
Los Angeles, CA 90013-1024
Phone: (213) 892-5809
Fax: (213) 892-5454

*Attorneys for Defendant Cellco Partnership*

## CERTIFICATE OF SERVICE

**We hereby certify** that a true and correct copy of the foregoing was served by U.S. mail on May 20, 2008, on:

David P. Healy, Esq.
Law Offices of David P. Healy, PL
2846-Remington Green Cr.
Tallahassee, FL 32308
Phone: (850) 222-5400
Fax: (850) 222-7339
Email: dhealy@nettally.com
*Attorneys for Plaintiff*

_____
Amanda M. McGovern

330706.1



# KENNY
# NACHWALTER

1100 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4327
TELEPHONE 305.373.1000
FACSIMILE 305.372.1861
WWW.KENNYNACHWALTER.COM

AMANDA M. McGOVERN
305.381.7485
AMM@KENNYNACHWALTER.COM

May 28, 2008

<u>**Via Hand Delivery**</u>

Honorable Robert L. Andrews
Broward County Circuit Court
201 S.E. 6 Street
Fort Lauderdale, FL 33301

      Re:   *Lisa Gray v. Cellco Partnership, et al.*
            **Case No. 07-36302 (09)**

Dear Judge Andrews:

In furtherance of your Honor's *sua sponte* request at today's hearing on the parties' Joint Motion to Transfer to the Complex Business Litigation Unit, we enclose an Order of Recusal and Reassignment.

With kindest regards.

Very truly yours,

Amanda M. McGovern

AMM:mch
Enclosure

cc:   David P. Healy, Esq. (w/encls.)
      Counsel for Class Action Plaintiff Lisa Gray

**TENNESSEE OFFICE**
215 WEST BROADWAY STREET, SUITE D
ROGERSVILLE, TENNESSEE 37857-3280
TELEPHONE 423.272.5300
FACSIMILE 423.272.4961

**TEXAS OFFICE**
ONE CONGRESS PLAZA
111 CONGRESS AVENUE, SUITE 1060
AUSTIN, TEXAS 78701
TELEPHONE 512.480.8023
FACSIMILE 512.480.8037

**WASHINGTON SATELLITE OFFICE**
1201 PENNSYLVANIA AVENUE, N.W., SUITE 300
WASHINGTON, D.C. 20004-2436
TELEPHONE 202.661.4604
FACSIMILE 202.661.4699

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 07-36302 (09)

LISA GRAY, individually and on behalf
of a class of similarly situated individuals,

        Plaintiff,

v.

CELLCO PARTNERSHIP, a Delaware General
Partnership d/b/a Verizon Wireless, and
MOBILE MESSENGER AMERICAS, INC.,
a Delaware corporation,

        Defendants.

_____/

## ORDER OF RECUSAL AND REASSIGNMENT

**THIS CAUSE** came before the Court on May 28, 2008. The Court has determined *sua*

*sponte* that, out of an abundance of caution, it should recuse itself from this action. Accordingly, it

is hereby

ORDERED AND ADJUDGED that the Clerk of the Court immediately reassign this case

to another Circuit Court Judge sitting in the General Jurisdiction Division of this Court.

**DONE AND ORDERED** this ____ day of May, 2008, in Chambers at Fort Lauderdale,

Florida.


_____
Hon. Robert Andrews
CIRCUIT COURT JUDGE

Copies:
David P. Healy, Esq.
[Counsel for Plaintiff Gray]

Amanda M. McGovern
[Counsel for Defendant CELLCO
Partnership d/b/a Verizon Wireless]