UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-61089-CIV-ALTONAGA/Brown

**LISA GRAY**, individually and on behalf
of a class of similarly situated individuals,

    Plaintiff,

v.

**MOBILE MESSENGER AMERICAS, INC.,**
*et al.*,

    Defendants.
_____/

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

THIS CAUSE came before the Court for a hearing on December 1, 2008, on the application of the parties for preliminary approval of the settlement reached between the parties as set forth in the Amended Stipulation of Settlement ("Agreement"), executed by counsel on July 21, 2008 on behalf of the parties. Due and adequate notice having been given to the Class as required, and the Court having considered the thorough briefing and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, it is

**ORDERED AND ADJUDGED** as follows:

1. This Court has jurisdiction over subject matter of this action and over all parties to the Action, including all Settlement Class Members.

2. On August 5, 2008, the Court preliminarily approved the Agreement for a Class as defined in the Agreement. The definitions in the Agreement are incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Agreement.

CASE NO. 08-61089-CIV-ALTONAGA/Brown

3. The Court confirms and grants final certification to the Settlement Class and finds that the requirements of Rule 23 of the Federal Rule of Civil Procedure and the Due Process Clause of the United States Constitution for the maintenance of this action as a class action have been satisfied in all respects.

4. Notice was disseminated to the Settlement Class in the form of direct email notice to potential members of the Settlement Class, comprehensive publication notice, an internet promotional campaign, and press release. The above notice generated over 60,000 visits to the website maintained by the Claims Administrator.

5. The notice fully informed the Settlement Class of their rights with respect to the Agreement, including the right to be excluded and to object to the Settlement Agreement or the application for an award of attorneys' fees and reimbursement of expenses and incentive award.

6. The notice satisfied the statutory requirements of notice under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable effort in Defendants' records.

7. The Parties are directed to file a Second Amended Stipulation of Settlement to include additional language concerning Defendant's ongoing business practices as read into the record at the final fairness hearing.

8. Upon filing of a Second Amended Stipulation of Settlement, the Court directs that Defendant shall notify the appropriate state and federal officials of the Agreement, in the form contemplated by 28 U.S.C. § 1715 of the Class Action Fairness Act, and shall inform them that they may provide comments on the Agreement to the Court no later than January 5, 2009. If no negative comments have been received by the Court by such date, the Agreement shall be deemed to have been granted

CASE NO. 08-61089-CIV-ALTONAGA/Brown

final approval effective as of the date of this Order.

9. This Action and the Settled Claims contained therein, are **DISMISSED WITH PREJUDICE** as to the named Plaintiff, the Settlement Class Members, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

10. The Settlement Agreement is fundamentally fair, adequate, and reasonable as to each member of the Settlement Class under the applicable factors as set forth in *Bennett v. Behring Corp.*, 737 F. 2d. 982, 986 (11th Cir. 1984). Specifically, the legal and factual posture of this case, the discovery conducted, and the fact that the Agreement was the result of arms' length negotiations support this finding. Accordingly, the Agreement is hereby finally approved in all respects subject to the performance of actions provided in paragraph 7, and the parties are hereby directed to perform its terms.

11. The Plaintiff, on behalf of herself and the Settlement Class, is deemed to have, and by operation of the Judgment shall have, absolutely and unconditionally released the Released Parties from each and every Settled Claims.

12. All members of the Settlement Class are hereby forever barred and enjoined from prosecuting each and every Released Claim against the Released Parties.

13. Class Counsel is hereby awarded attorneys' fees in the amount of $1,225,000, which the Court finds to be fair and reasonable under *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991), and its consideration of the *Johnson* factors cited therein. Pursuant to the terms of the Agreement, Defendant shall pay the Fee Award.

14. Plaintiff is awarded an incentive award of $1,000 which shall be paid by the Defendant pursuant to the terms of the Agreement.

CASE NO. 08-61089-CIV-ALTONAGA/Brown

15. In making this Fee Award to Class Counsel and incentive award to Plaintiff Gray, the Court has considered and finds that:

(1) Class Counsel's Lodestar of $506,845.50 in time and $11,602.48 in expenses incurred supports the Fee Award and results in a multiplier of 2.147;

(2) The novelty and difficulty of the questions involved in the Action were substantial and supports the reasonableness of the Fee Award;

(3) Class Counsel has demonstrated the skill requisite and performed the legal service properly to the Settlement Class;

(4) The preclusion of other employment by Class Counsel to accept and prosecute the Action on behalf of the Settlement Class supports the Fee Award;

(5) The Fee Award is less than that customarily awarded in similar cases and the rates are comparable to or less than those typically paid to both defense counsel and plaintiffs' firms in similar types of sophisticated cases and supports the reasonableness of the Fee Award;

(6) That the fees sought are contingent in this case weighs in favor of approving the Fee Award;

(7) The Fee Award is reasonable in light of the benefits provided to the Settlement Class under the Agreement, including virtually full refunds to be paid from a $12 million fund, the substantial injunctive relief, and Mobile Messenger's agreement to pay for the costs of notice and claims administration.;

(8) The experience, reputation and ability of Class Counsel favor approval of the Fee Award;

CASE NO. 08-61089-CIV-ALTONAGA/Brown

(9) The "undesirability" of the case favors the Fee Award in that the Defendant was sophisticated and was prepared to vigorously defend the claims asserted in the Action;

(10) The nature and length of the professional relationship with the client neither supports or weighs against the Fee Award; and

(11) Awards in similar cases apply benchmarks near 25% of the total settlement benefit and the Fee Award being approximately 10% of the benefit to the Settlement Class supports the Fee Award.

16. Nancy Dahood is deemed to have properly opted out/excluded herself from the Agreement and shall not be bound by its terms.

17. Without affecting the finality of the Judgment to be entered in any way, the Court retains continuing jurisdiction over (a) implementation of the Agreement and any award or distribution of the settlement monies, including Fee Award and (b) all Parties hereto for the purpose of construing, enforcing and administering the Agreement.

18. Nothing in this order is meant to supercede the Stipulation Concerning Scope of the Proposed Settlement, entered on December 1, 2008.

19. The parties are to notify the Court of an appropriate date to set this matter for status and final report and accounting of the administration of the settlement.

20. The Clerk of Court is to mark this case as **CLOSED**.

CASE NO. 08-61089-CIV-ALTONAGA/Brown

**DONE AND ORDERED** in Chambers at Miami, Florida this 1st day of December, 2008.

*Cecilia M. Altonaga*
_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record